IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARMANDO LONGORIA, SR. | § | |
| | § | |
| v. | § | C.A. NO. C-09-128 |
| | § | |
| RICK THALER[1] | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION TO DISMISS**

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas.  On June 4, 2009, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his state felony escape conviction.  (D.E. 1).  Pending is Respondent's motion to dismiss for lack of subject matter jurisdiction.  (D.E. 11).  Petitioner filed a response on November 16, 2009.  (D.E. 15).  For the reasons stated herein, it is respectfully recommended that Respondent's motion to dismiss be granted, and this habeas action be dismissed.

**I.  JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson,

---

[1] The previous named respondent in this action was Nathaniel Quarterman.  Effective July 15, 2009, Rick Thaler succeeded Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Thaler is automatically substituted as a party.

235 F.3d 959, 961-62 (5th Cir. 2002).  Petitioner is incarcerated in the McConnell

Unit in Beeville, Texas, (D.E. 1, at 1), and, therefore, jurisdiction is proper in this

Court.  28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

On August 23, 1982, Petitioner was convicted of felony escape and

sentenced to five years of imprisonment by the 28th Judicial District Court of

Nueces County, Texas.  (D.E. 1, at 2); (D.E. 11-2, at 2-3) (judgment).

Additionally, he was convicted of burglary on December 7, 1982 and sentenced to

sixty years of imprisonment by the 117th Judicial District Court of Nueces County,

Texas.  (D.E. 1, at 33-34); Longoria v. State, 663 S.W.2d 649 (Tex. App. 1983).

Both sentences began running on July 15, 1982.  (D.E. 1, at 26-27, 33-34).  The

escape sentence expired on July 15, 1987 while Petitioner was still in custody for

the burglary conviction.  (D.E. 11, at Ex. A).

## III.  DISCUSSION

Petitioner makes claims of actual innocence and ineffective assistance of

counsel regarding his escape conviction.  (D.E. 1, at 3).  Respondent seeks

dismissal of the petition on the grounds that Petitioner is not currently in custody

pursuant to the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA").  (D.E. 11).

2

**A.      The Standard For A Rule 12(b)(1) Motion.**

The Federal Rules of Civil Procedure provide a defense of lack of subject

matter jurisdiction for a district court to hear a case.  Fed. R. Civ. P. 12(b)(1).

"Lack of subject matter jurisdiction may be found in any one of three instances: (1)

the complaint alone; (2) the complaint supplemented by undisputed facts evidenced

in the record; or (3) the complaint supplemented by undisputed facts plus the

court's resolution of disputed facts."  Ramming v. United States, 281 F.3d 158,

161 (5th Cir. 2001) (per curiam) (citing Barrera-Montenegro v. United States, 74

F.3d 657, 659 (5th Cir. 1996)).

The party asserting subject matter jurisdiction has the burden of proving it.

Id. (citation omitted).  "Accordingly, the plaintiff constantly bears the burden of

proof that jurisdiction does in fact exist."  Id. (citing Menchaca v. Chrysler Credit

Corp., 613 F.2d 507, 511 (5th Cir. 1980)).

**B.      Plaintiff Has Not Shown He Is "In Custody," A Requisite For AEDPA
         Jurisdiction.**

Pursuant to AEDPA, a court may "entertain an application for a writ of

habeas corpus in behalf of a person in custody pursuant to the judgment of a state

court only on the ground that he is in custody in violation of the Constitution or

laws or treaties of the United States."  28 U.S.C. § 2254(a).  The Supreme Court

has held that a district court has jurisdiction over a habeas petition only if the

petitioner is "in custody" pursuant to the judgment under attack.  <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989) (per curiam).  The custody requirement is not satisfied if the sentence imposed as a result of the conviction under attack has fully expired.  <u>Id.</u> at 492.  The "in custody" determination is made at the time a habeas petition is filed.  <u>Zalawadia v. Ashcroft</u>, 371 F.3d 292, 297 (5th Cir. 2004) (citations omitted).  Furthermore, the "in custody" requirement is jurisdictional.  <u>Hendrix v. Lynaugh</u>, 888 F.2d 336, 337 (5th Cir. 1989) (citing <u>Maleng</u>).

Here, Petitioner has not met his burden of proving that subject matter jurisdiction exists.  He attacks only his 1982 escape conviction, and not his burglary conviction.  Respondent establishes that the five-year sentence corresponding to Petitioner's escape conviction had been served in full by the time he filed this petition, (D.E. 12, at Ex. A), and Petitioner did not dispute this fact in either his motion in opposition to Respondent's motion to dismiss, or his response to Respondent's answer.  Following the rule enunciated in <u>Maleng</u>, Petitioner is, therefore, not "in custody" with regard to his escape conviction.  Accordingly, it is respectfully recommended that Petitioner has not met the "in custody" jurisdictional requirement of AEDPA.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

5

constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. <u>United States v. Jones</u>, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## V. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that the Court lacks subject matter jurisdiction to hear Petitioner's claims. Accordingly, it is respectfully recommended that Respondent's motion to dismiss, (D.E. 11), be

granted and that the petition be dismissed.  Furthermore, it is respectfully

recommended that a certificate of appealability be denied.

Respectfully submitted this 30th day of November 2009.

_____

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

7

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).